UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                  Case No. 08-20328
BRENDA STINE SHOWERS,            Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On November 19, 2008, the Court accepted a plea of guilty by the Defendant, Brenda Stine Showers, to violating 18 U.S.C. § 1028(a)(2); namely, knowingly transferring an identification document, authentication feature, or a false document with the knowledge that the document or feature had been stolen or produced without lawful authority. On March 31, 2009, the Court placed her on probation for a period of 24 months.

I.

On October 21, 2009, Showers filed a motion in which she seeks to amend a special condition of her probation. In her motion, Showers states that she was informed by an officer of the Probation Department on July 22, 2009 that the Court had ordered her (1) not to be self-employed, and (2) not to possess any computers or related items during the remainder of her term of probation. It is her position that these conditions are "unduly restrictive and create a deprivation of [her] liberty." Furthermore, Showers asserts that (1) she is a sixty-one year old woman who does not

have any means of transportation and (2) a prohibition on the use of a computer at her home is unreasonable. Without pointing to any specific authority, she generally submits that these special conditions of probation are not reasonably related to the statutory goals set by Congress.

In its opposition papers, the Government disputes Showers' contentions, maintaining that the imposed conditions of probation are reasonably related to the crime of which she was convicted. Moreover, the Government asserts that Showers is - in essence - seeking to return to her life as it was before her conviction in November 2008.

In 1997, the United States Court of Appeals for the Sixth Circuit opined:

> A sentencing court may order as a condition of supervised release any condition that it considers to be appropriate to the extent that such condition: (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant, and the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission.

*United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997) (citing 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). Furthermore, the United States Sentencing Guidelines provide that any occupational restriction which is imposed by a court as a condition of probation must (1) bear a relevant as well as a reasonably direct relationship to the criminal offense; and (2) "be reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5; *see also* 18 U.S.C. § 3563(b)(5).

A.

In challenging the restriction against self-employment, Showers contends that her prior employment as a tax consultant does not bear a reasonable relationship to the criminal conduct which gave rise to the conviction. She argues that it is unlikely that allowing her to be self-employed again would result in the commission of a similar crime again. Unfortunately, Showers has misconstrued the directive from the Court. It was the directive from the Court that she not be self-employed. However, the Court, in rendering its decision, impliedly authorized Showers to seek and obtain employment as a tax consultant with an outside employer. Moreover, the Court disagrees with Showers who claims that the instant offense does not have any correlation or direct relationship to the Court-imposed restriction against her self-employment.

Showers was convicted of creating false Internal Revenue documents, paychecks, and identification documents through the use of her home computer under the name of a company (i.e., Bimari Limited) that had been maintained by her, in part, for illicit purposes. Contrary to Showers' protestations, the Court believes that if she is permitted to continue her self-employment from home, it is likely that she will return to the life of crime and commit this offense once again. It should also be noted that the assigned probation officer was advised by Showers that all of her computers had been removed from her home when she was arrested for this offense. However, when the same probation officer visited Showers' home on April 13, 2009, she observed four computers in the Defendant's residence. Showers discounts the significance of the probation officer's observation, claiming that those computers had been recently purchased by her. As an aside, it should be noted that she has failed or declined to comply with a request from the probation officer to document her

purchases of the four computers.[1] The probation officer also reported to the Court that Showers "does not seem to understand how her actions resulted in the instant offense" and "wants to continue to work in the same capacity that led to the instant offense." Disturbingly, Showers - according to the probation officer - continues to offer services to third parties through the same company (i.e., Bimari Limited) under whose name she had been conducting the illegal activities for which she was convicted. When the Court imposed this now-challenged restriction against Showers, it enabled the Probation Department to effectively monitor her ability to strictly comply with the conditions of probation in order to assure the safety of the general public. This special condition of Showers' probation also ensures deterrence, especially since she did not receive any imprisonment time as a part of her sentence.

Accordingly, the Court believes that (1) this prohibition against self-employment bears a reasonable and direct relationship to the criminal conduct which is relevant to the offense of the conviction; and (2) this restriction is reasonably necessary to protect the general public because without such a prohibition, there is reason to believe that Showers will continue the illicit activities for which she was arrested and, ultimately, convicted.

B.

The Court now turns to its directive that Showers not directly or indirectly possess any computers or related items. Showers maintains that this restriction is (1) not reasonably related to her offense, personal history, or the goals of deterrence and protecting the public and (2) involves

---

[1] In Showers' reply, she includes a document titled "Custody Receipt for Seized Property and Evidence" issued by the United States Department of Homeland Security. This document appears to verify Showers' contention that her four computers were seized during the arrest. However, this document does not address Showers' failure to abide by the probation officer's directive of producing receipts of purchase for the allegedly newly purchased computers.

a greater deprivation of her liberty than is reasonably necessary. The Government, on the other hand, argues that inasmuch as Showers used home computers to commit fraud, she should not be shocked over being restricted from possessing computers in her home as a punishment for her offense, a means of deterrence from further criminal involvement, and an overall protection for the public.

The Court first notes that the restriction imposed on Showers is not a sweeping ban on her use of a computer. Rather, Showers is specifically prohibited from possessing computers or related items. Showers is able to conduct employment searches from computers at her local public library or use computers at a place of employment that is not her home. Contrary to Showers' allegations, this restriction is reasonably related to the instant offense because, as discussed above, she was arrested for, and charged with, creating false identification and IRS documents on the computers at her residence. Moreover, it is quite apparent to the Court on the basis of the official record in this litigation and the observations of the probation officer that Showers does not comprehend the severity of her criminal conduct. Thus, the Court is completely satisfied that a restriction against the possession of a computer by Showers would serve to protect the public. Furthermore, the Court is also of the belief that a relaxation of this now-challenged restriction would result in a continuation of these fraudulent activities by Showers. Furthermore, the Court is satisfied that Showers will be much less likely to engage in this illegal conduct if her use of a computer is limited to a facility, such as a public library or non-residential places of employment. This restriction upon Showers is designed to serve as a deterrence to other persons from engaging in a similar type of criminal conduct.

In submitting her argument in support of this motion, Showers cites to *United States v. Sales*,

476 F.3d 732 (9th Cir. 2007), however, *Sales* is inapposite to this case. In *Sales*, the district court had imposed a restriction which required the defendant to obtain prior approval from the probation officer before using, *inter alia*, a computer. 476 F.3d at 733. The Ninth Circuit Court of Appeals concluded that this restriction was overly broad and brought about an unnecessary deprivation of the defendant's liberty. *Id.* at 737. Unlike *Sales*, the restriction that has been imposed upon Showers is much more narrow. Although Showers is foreclosed from possessing computers of her own, she is free to use the Internet and utilize computers outside of her home. Inasmuch as her fraudulent activity occurred on her home computers, the Court reaffirms its belief that the challenged restriction upon Showers which prohibited her from possessing computers or related equipment of her own is reasonable and directly related to the criminal conduct which led to the instant conviction.

In addition, Showers - in believing that this special condition of probation serves as an unnecessary deprivation of her liberty - argues that computers and the use of the Internet are indispensable in modern life. Thus, she maintains that this restriction by the Court deprives her of one of the most frequently used means for communication. Inasmuch as the cases that have been cited by her as persuasive authority dealt with broad bans of Internet and/or computer use, they are distinguishable from the instant case. *See, e.g., United States v. Holm*, 326 F.3d 872, 878 (7th Cir. 2003) (restriction "intended to be a total ban on Internet use"); *United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001) (restriction included ban on all computer and Internet possession and use); *United States v. White*, 244 F.3d 1199, 1206 (10th Cir. 2001) (restriction struck down because of vagueness). Notwithstanding her claims that she will be denied an essential tool in today's modern society, Showers will be able to search for employment opportunities wherein she may utilize the Internet and the use of computers at a place of her employment. This restriction is narrowly and

directly related to the circumstances under which she committed the offense conduct, namely, using home computers to create fraudulent documents. Showers contends that this decision by the Court has virtually immobilized her because she does not have a means of transportation. In her opinion, this prohibition against the possession of computers is an overly broad restriction. Showers' argument is not persuasive. If the Court accepted Showers' argument, a revised order would allow her to return to a life as it was prior to her conviction and, at the same time, deprive the Probation Department of its ability to effectively perform its responsibilities to protect the general public from any possible recidivist behavior by this Defendant.

Accordingly, the Court believes that Showers' argument on this issue is without merit for the reasons that have been advanced hereinabove.

II.

Furthermore, and for the reasons that have been set forth above, Showers' motion to amend special condition of probation is denied.

IT IS SO ORDERED.

Dated:  January 15, 2010                    S/Julian Abele Cook, Jr.
        Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                            United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 15, 2010.

                                            s/ Kay Doaks
                                            Case Manager